IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

RHONDA HOWELL                                                              PLAINTIFF

v.                                   CIVIL NO. 16-5084

NANCY A. BERRYHILL,
Acting Commissioner, Social Security Administration[1]         DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Rhonda Howell, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration ("Commissioner") denying her claims for a period of disability and supplemental security income ("SSI") under the provisions of Title XVI of the Social Security Act ("Act"). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.   Procedural Background:**

Plaintiff protectively filed her application for SSI on May 20, 2013. (ECF No. 11, p. 25, 198). In her application, Plaintiff alleges disability due to depression, arthritis, migraines, anxiety, and Grave's Disease. (ECF No. 11, p. 202). Plaintiff alleges an onset date of August 20, 2008. (ECF No. 11, pp. 25, 198). This application was denied initially and again upon reconsideration. (ECF No. 11, pp. 71-99).

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

Thereafter, Plaintiff requested an administrative hearing on her denied application, and this hearing request was granted. (ECF No. 11, p. 118). Plaintiff's administrative hearing was held on June 3, 2014, in Fort Smith, Arkansas (ECF No. 11, pp. 54-70). Plaintiff was present and was represented by Nicholas Coleman. Id. Plaintiff and Vocational Expert ("VE") Jim Spragens testified at this hearing. Id. At the time of this hearing, Plaintiff was forty-nine (49) years old, which is defined as a "younger person" under 20 C.F.R. § 416.963(d). (ECF No. 11, p. 59). As for her level of education, Plaintiff completed the eighth grade. Id. at 59.

After this hearing, on November 5, 2014, the ALJ entered an unfavorable decision denying Plaintiff's application for SSI. (ECF No. 11, pp. 22-37). In this decision, the ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since May 20, 2013, her application date. (ECF No. 11, p. 27, Finding 1). The ALJ determined Plaintiff had the following severe impairments: arthritis, migraines, anxiety disorder NOS, depressive disorder NOS, and polysubstance dependence in full-sustained remission. (ECF No. 11, p. 27, Finding 2). Despite being severe, the ALJ determined these impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Part 404 ("Listings"). (ECF No. 11, pp. 27-29, Finding 3).

The ALJ then considered Plaintiff's Residual Functional Capacity ("RFC"). (ECF No. 11, pp. 29-35, Finding 4). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. Id. Second, the ALJ determined Plaintiff retained the RFC to perform:

> light work as defined in 20 C.F.R. 416.967(b) except [Plaintiff] is able to perform work where interpersonal contact is incidental to the work performed, complexity of tasks is learned and performed by rote with few variables and little judgment. Supervision required is simple, direct and concrete.

Id.

The ALJ then determined Plaintiff was able to perform her Past Relevant Work ("PRW") as a poultry sorter as generally performed. (ECF No. 11, pp. 35-36, Finding 5). The ALJ also determined, in the alternative, that Plaintiff could perform the requirements of representative jobs such as a price marker and poultry production. (ECF No. 11, p. 36, Finding 5). The ALJ subsequently determined Plaintiff had not been under a disability, as defined by the Act, from May 20, 2013, through November 5, 2014, the date of the ALJ's decision. (ECF No. 11, p. 37, Finding 6).

Thereafter, on January 8, 2015, Plaintiff requested a review by the Appeals Council (ECF. No. 11, pp. 19-21). The Appeals Council denied this request on February 18, 2016. (ECF No. 11, pp. 5-10). On April 20, 2016, Plaintiff filed the present appeal with this Court. (ECF No. 1). The parties consented to the jurisdiction of this Court on May 18, 2016. (ECF No. 7). This case is now ready for decision.

**II.    Applicable Law:**

This Court's role is to determine whether substantial evidence supports the Commissioner's findings. Vossen v. Astrue, 612 F.3d 1011, 1015 (8th Cir. 2010). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. Teague v. Astrue, 638 F.3d 611, 614 (8th Cir. 2011). We must affirm the ALJ's decision if the record contains substantial evidence to support it. Blackburn v. Colvin, 761 F.3d 853, 858 (8th Cir. 2014). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. Miller v. Colvin, 784 F.3d 472, 477 (8th Cir. 2015). In other words, if after reviewing the

record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision. Id.

A claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001); See also 42 U.S.C. § 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 1382c(a)(3)(D). A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. § 416.920(a)(4). Only if she reaches the final stage does the fact finder consider Plaintiff's age, education, and work experience in light of his residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982), abrogated on other grounds by Higgins v. Apfel, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. § 416.920(a)(4)(v).

**III.    Discussion:**

Plaintiff raises two issues on appeal: 1) the Commissioner's decision should be reversed because the ALJ failed to find that Plaintiff's respiratory illnesses and thyroid disorder were severe impairments; and 2) the Commissioner's decision should be reversed because the Appeals Council failed to consider additional evidence that was new, material, and related to the period on or before the date of the ALJ's decision. (ECF No. 12).

**A.    Severe Impairments**

At step two of the sequential evaluation process, a claimant has the burden of providing evidence of functional limitations in support of their contention of disability. Kirby v. Astrue, 500 F.3d 705, 707 (8th Cir. 2007). "An impairment is not severe if it amounts only to a slight abnormality that would not significantly limit the claimant's physical or mental ability to do basic work activities." Id. (citing Bowen v. Yuckert, 482 U.S. 137, 153 (1987); 20 C.F.R. §§ 404.1521(a)). "If the impairment would have no more than a minimal effect on the claimant's ability to work, then it does not satisfy the requirement of step two." Id. (citing Page v. Astrue, 484 F.3d 1040, 1043 (8th Cir. 2007)).

At the initial level, Dr. Clarence Ballard, a non-examining state agency consultant, determined Plaintiff needed to avoid concentrated exposure to environmental factors such as "fumes, odors, dusts, gases, poor ventilation, etc." (ECF No. 11, p. 79). Dr. Bill Payne, another non-examining state agency consultant, declined to endorse the same limitation at the reconsideration level. (ECF No. 11, p. 94). The ALJ addressed this discrepancy and stated that Dr. Ballard's environmental limitations were not supported by the record, "based on additional evidence submitted at the reconsideration and hearing levels." (ECF No. 11, p. 34). Although Plaintiff was diagnosed with asthma and COPD, the evidence in the record shows Plaintiff

5

regularly denied respiratory symptoms. (ECF No. 11, pp. 300, 304, 309, 315, 319, 322, 329). See Trenary v. Bowen, 898 F.2d 1361, 1364 (8th Cir. 1990) (Diagnosis alone is not sufficient to prove disability, absent some evidence to establish a functional loss resulting from that diagnosis). The ALJ also found that although Plaintiff could return to her PRW, she could work as a price marker or poultry producer, which do not require exposure to fumes, odors, dusts, gases, or poor ventilation. (ECF No. 11, p. 36); See Dictionary of Occupational Titles (DOT) #209.587-034, 1991 WL 671802; DOT #525.687-066, 1991 WL 674454.

Plaintiff contends her thyroid condition should have been considered a severe impairment because it caused depression and fatigue. The ALJ specifically accounted for Plaintiff's depression by finding it was a severe impairment on its own. (ECF No. 11, p. 27). The only evidence Plaintiff presents with regard to alleged fatigue caused by her thyroid condition is her own subjective testimony, which the ALJ determined was less than credible. The record for the relevant period also shows Plaintiff's thyroid condition was stable and well managed by medication, and that Plaintiff's energy was routinely fair or good. (ECF No. 11, pp. 268, 271, 300, 304, 309, 315, 319, 322, 329, 423-24). Plaintiff also directs this Court to three thyroid panel blood tests performed in 2014, but diagnosis alone is not sufficient to prove disability, absent some evidence to establish a functional loss resulting from that diagnosis. Trenary, 898 F.2d at 1364.

Plaintiff has not met her burden of providing evidence of functional limitations in support of her contention that her thyroid, and respiratory conditions had more than a minimal effect on her ability to do work. Based on the foregoing, this Court finds substantial evidence to support the ALJ's decision that Plaintiff's thyroid and respiratory conditions were not severe impairments within the meaning of the Act.

**B.     Additional Medical Records:**

Reviewing courts have the authority to order the Commissioner to consider additional evidence but "only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g); Woolf v. Shalala, 3 F.3d 1210 (8th Cir. 1993); Chandler v. Secretary of Health and Human Servs., 722 F.2d 369, 371 (8th Cir. 1983). "To be material, new evidence must be non-cumulative, relevant, and probative of the claimant's condition for the time period for which benefits were denied, and there must be a reasonable likelihood that it would have changed the Commissioner's determination." Woolf, 3 F.3d at 1215. Thus, to qualify as "material," the additional evidence must not merely detail after-acquired conditions or post-decision deterioration of a pre-existing condition. See Jones v. Callahan, 122 F.3d 1148, 1154 (8th Cir.1997) (holding immaterial evidence detailing a single incident occurring after decision and noting proper remedy for post-ALJ deterioration is a new application).

Plaintiff has provided additional medical evidence, which she contends the Commissioner must consider. Plaintiff suffered bony tenderness in her lumbar sacral region on May 14, 2014, and had normal range of motion of her joints. (ECF No. 11, pp. 487-90). Plaintiff was prescribed Prednisone and Naproxen for pain and images were taken of Plaintiff's back. Id. X-rays of Plaintiff's cervical spine showed cervical spondylosis with straightening of cervical lordosis with evidence of focal disc disease at C5-6. (ECF No. 11, p. 496). X-rays of Plaintiff's lumbar spine showed mild to moderate lumbar spondylosis and no acute osseous abnormalities. (ECF No. 11, p. 497). An MRI on July 1, 2014, revealed cervicalgia. (ECF No. 11, p. 494-95). The MRI showed straightening of the normal cervical lordosis as well as degenerative disc disease identified throughout the cervical spine, which was most severe at

C4-5 "where there is a small to moderate-sized central disc herniation which indents the ventral aspect of the thecal sac but results in only mild narrowing of the AP diameter of the spinal canal." (ECF No. 11, p. 495). On October 22, 2014, Plaintiff complained of sinusitis and an objective physical exam revealed normal range of motion in all joints, but a back exam was not performed. (ECF No. 11, p. 485). Plaintiff was diagnosed with sciatica on November 21, 2014, but the objective physical exam revealed normal range of motion in all joints and normal range of motion of Plaintiff's spine, no bony tenderness, and a negative straight leg raise test. (ECF No. 11, p. 482-84). Plaintiff was prescribed Cyclobenzaprine and was given a Depo-Medrol injection. Id. Dr. Luke Knox of the Northwest Arkansas Neurosurgery Clinic examined Plaintiff on January 19, 2015, and conducted an objective physical exam. (ECF No. 11, p. 500-503). Plaintiff's gait and station were normal. Id. Dr. Knox's treatment record contains the following:

> Cervical Spine: Normal to inspection. Normal to palpation without muscle spasms, tenderness or step-offs. Normal range of motion without pain. Muscle strength normal. Reflexes normal. Sensation normal. Nerve and spinal cord tension-compression signs: Negative Lhermitte's with ROM of the neck. Spurlings Maneuver negative. Head compression test negative.
>
> Thoracic Spine: normal inspection/palpation, ROM, muscle strength and tone, and stability.
>
> Lumbar Spine: normal inspection/palpation, ROM, muscle strength and tone, and stability.
>
> Sacral Spine: normal inspection/palpation and stability.
>
> SI Joint: normal palpation and stability.
>
> Coccyx: Normal inspection/palpation and stability.
>
> Waddel's Sign:
>     Tdnerness – negative for Waddell's sign.
>     Simulation Tests – negative for Waddell's sign
>     Distraction Tests – negative for Waddell's sign

> Regional Disturbances – negative for Waddell's sign.
> Overreaction – negative for Waddell's sign.
>
> . . .
>
> Motor Examination: Full and symmetrical muscle strength, tone and size throughout upper and lower extremities.
>
> . . .
>
> Nerve and Spinal Cord Tension-Compression Signs: Absent

(ECF No. 11, p. 502). Dr. Knox discussed surgical and non-surgical treatment options, advised that Plaintiff continue a conditioning program, and directed Plaintiff to modify her activity level by only engaging in activities as tolerated. (ECF No. 11, p. 503). Dr. Knox stated, "[Plaintiff] requested that we proceed as advised." Id.

The record contains some references to diagnoses of degenerative joint disease, degenerative disc disease, lumbar radiculopathy, and sciatica, as pointed out by Plaintiff. (ECF No. 12, p. 5). For example, Plaintiff complained of a cyst on her back on August 1, 2012, and the record contains a diagnosis for "degenerative joint disease, unspecified site." (ECF No. 11, p. 301). That diagnosis was repeated on records where Plaintiff complained of "pain to upper abdomen, knot on belly, [and] headaches at night," on May 3, 2013, again when Plaintiff complained of chest pain on June 18, 2013, and again when Plaintiff complained of her upper eyelid twitching on June 19, 2013. (ECF No. 11, pp. 315-23). Although the additional medical records submitted by Plaintiff confirm prior diagnoses, Plaintiff has not put forth any evidence to establish a functional loss resulting from those diagnoses. At best, the additional medical evidence offered by Plaintiff details post-decision deterioration of a pre-existing condition, which is immaterial. See Jones v. Callahan, 122 F.3d 1148, 1154 (8th Cir.1997). Furthermore, given the findings of Dr. Knox's extensive objective physical examination on January 19,

2015, this Court does not see a reasonable likelihood that the additional medical evidence would have changed the Commissioner's determination. Based on the foregoing, this Court finds that the additional medical evidence submitted by Plaintiff is immaterial.

### IV.     Conclusion:

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision is hereby affirmed. The undersigned further finds that the Plaintiff's Complaint should be, and is hereby dismissed with prejudice.

IT IS SO ORDERED this 16th day of March, 2017.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE